JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**14 CV 4949**

JOSEPH IOCOVELLO,

Plaintiff,

JURY TRIAL DEMANDED

-against-

**COMPLAINT**

THE CITY OF NEW YORK, a municipal entity; the
NEW CITY YORK POLICE DEPARTMENT; POLICE
OFFICER ERICA FRANCIS; the NEW YORK CITY
DEPARTMENT OF SANITATION; and SANITATION
WORKER WALTER KING,

Defendants.
------------------------------------------------------------------X



ECF CASE

RECEIVED
JUL 0 1 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by his attorney THE LAW OFFICE OF CHRISTOPHER H.
FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.    PRELIMINARY STATEMENT

1.      Plaintiff JOSEPH IOCOVELLO, ("Plaintiff"), brings this action for
compensatory damages, punitive damages, and attorney's fees pursuant to the
statutory and common law of the State of New York for assault and battery,
negligence, intentional infliction of emotional distress, and negligent hiring and
supervision.

2.      Plaintiff also brings this action for compensatory damages, punitive
damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988
for violations of his civil rights, as said rights are secured by said statutes and the
Constitutions of the State of New York and the United States.

## II.    JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction
is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the
aforementioned statutory and constitutional provisions.

4.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to
28 U.S.C. § 1367, over any and all State law claims and causes of action which
derive from the same nucleus of operative facts and are part of the same case or
controversy that gives rise to the federally based claims and causes of action.

### III. VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and § 1402(b) because Defendant CITY of NEW YORK maintains its primary and relevant places of business in this district.

### IV. JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V. THE PARTIES

7.      That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Bronx, City and State of New York.

8.      That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.      That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, the defendant, THE NEW YORK CITY DEPARTMENT OF SANITATION, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

11.     That at all times hereinafter mentioned, defendant POLICE OFFICER ERICA FRANCIS, Shield # 026764 of the 43th Precinct, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

12.     That at all times hereinafter mentioned, defendant SANITATION WORKER WALTER KING, was and still is employed by the NEW YORK CITY DEPARTMENT OF SANITATION.

13.     That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the City of New York on behalf of the plaintiff on or about July 2, 2013.

14.     That on or about September 18, 2013, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

15.     That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

16.     That at all times hereinafter mentioned, all of the actions of the officers alleged herein were done within the scope and course of her employment with the New York City Police Department and under the color of state law.

17.     That at all times hereinafter mentioned, the defendant WALTER KING was acting within the scope and course of his employment with the New York City Department of Sanitation.

18.     That at all times hereinafter mentioned, all of the actions of defendant WALTER KING alleged herein were done within the scope and course of his employment with the New York City Department of Sanitation.

19.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.     STATEMENT OF FACTS

### The Attack of April 8, 2013

20.     On or about April 8, 2013, plaintiff Joseph Iocovello ("plaintiff") was employed by the New York City Department of Sanitation as a Supervisor at the garage known as "Bronx 9," located at 850 Zerega Avenue, in Bronx County, City and State of New York.

21.     On or about, April 8, 2013, defendant WALTER KING (hereinafter "King") was employed by the New York City Department of Sanitation as a sanitation worker at the garage known as "Bronx 9," located at 850 Zerega Avenue, in Bronx County, City and State of New York.

22.     On that date, plaintiff issued a directive to defendant KING, instructing him to finish a task that KING had not completed. KING refused and left the premises.

23.     Plaintiff then followed the New York City Department of Sanitation (hereinafter "DOS") disciplinary protocols relating to insubordinate Sanitation workers, i.e. he wrote up defendant KING for disobeying a supervisor's order.

24.     At approximately 11 o'clock A.M., defendant KING entered the administrative office of the Bronx 9 Garage, began to scream obscenities and threatened to injure plaintiff, who was standing behind his desk.

3

25.     Defendant KING then advanced on plaintiff, reached over plaintiff's desk, and grabbed plaintiff by the collar.

26.     While screaming obscenities and threats, defendant KING lifted plaintiff off his feet, dragged him over his desk, breaking it in the process, and then violently threw plaintiff onto the floor.

27.     Defendant KING continued to assault, attack, and batter plaintiff while on the floor.

28.     At least four other DOS employees inside the administrative office witnessed defendant KING's attack. Several employees intervened and stopped KING from attacking the plaintiff further.

### False Arrest, Malicious Prosecution, and False Imprisonment

29.     At least four of the DOS employee witnesses filled out written statements on the same day of the incident, April 8, 2013.

30.     Shortly thereafter, the police were called. Two NYPD officers arrived on the scene first, including defendant ERICA FRANCIS (hereinafter "P.O. FRANCIS").

31.     Ambulance personnel also arrived and treated plaintiff for lacerations and other injuries.

32.     Plaintiff and the other witnesses at the scene described the incident to the NYPD Officers, including to defendant P.O. FRANCIS; namely that defendant KING physically assaulted plaintiff by grabbing him and pulling him across the desk.

33.     P.O. FRANCIS then not only arrested defendant KING, she also placed plaintiff under arrest.

34.     P.O. FRANCIS failed to conduct an investigation, or conducted an investigation in a negligent and incompetent manner, resulting in the wrongful arrest of plaintiff as the perpetrator of an assault, when he was, by all objective accounts, the victim of an unprovoked attack.

35.     Plaintiff is approximately 5 feet 3 inches tall and weighs approximately 127 lbs. Upon information and belief, defendant KING is approximately 6 feet 2 inches tall and weighs over 230 lbs.

36.     It was objectively unreasonable for the defendants to arrest plaintiff, as there was no credible evidence that he had engaged in any unlawful conduct.

4

37.     At no time prior to or during the encounter and/or arrest did there exist
        probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could
        the defendants have reasonably believed that such cause existed.

38.     Plaintiff was then taken to the 43rd Precinct, processed, held for several
        hours, and was sent to Bronx Central Booking.

39.     It was objectively unreasonable for the defendants to charge plaintiff with
        a crime, as there was no evidence that he had engaged in any unlawful conduct.

40.     Plaintiff was arraigned in Bronx Criminal Court over twenty-four hours
        later, on April 9, 2014, under Docket # 2013BX020614. He was charged with,
        *inter alia*, Assault in the 3rd Degree (PL 120.00[1]) and Menacing (PL 120.15).

41.     Plaintiff was released on his own recognizance at arraignment, but was
        required to return to Criminal Court on numerous occasions over a six-month
        period for hearings related to these charges.

42.     The accusatory instrument was converted to a criminal information
        pursuant to the corroborating affidavit signed by defendant KING on June 24,
        2013.

43.     On October 31, 2013 the Bronx County District Attorney's Office
        dismissed all criminal charges against plaintiff.

44.     Defendant KING was also arrested on the date of the assault—April 8,
        2013, but upon information and belief, was issued a desk appearance ticket at the
        43rd Precinct and was released.

45.     Criminal charges against defendant KING are, as of the filing of the
        instant complaint, still pending in Bronx Criminal Court, under the Docket #
        2013BX034068.

46.     Upon information and belief, defendant KING had been written up on
        numerous occasions by DOS staff prior to the April 8, 2013 incident. These
        included, but were not limited to, disciplinary measures for violent and vicious
        behavior towards supervisors, co-workers, and the general public.

47.     Upon information and belief, defendant CITY OF NEW YORK and
        defendant DOS knew or should have known that defendant KING had a history of
        violent behavior and a vicious propensity, even prior to the April 8, 2013 incident.

48.     Due to the violent acts of defendant KING, plaintiff suffered, *inter alia*,
        injuries to his leg, eye, neck, lower back, and shoulders. He also suffered
        psychological and emotional trauma.

49.　　　After being released at arraignment, plaintiff sought treatment at the emergency room and began a course of treatment with various physicians for injuries to his neck, lower back, and shoulders.

50.　　　For several weeks after the attack, plaintiff was placed on Line of Duty Injury (LODI) leave by DOS.

51.　　　Plaintiff is still undergoing treatment for the injuries he has suffered from the attack of April 8, 2013.

52.　　　Unable to perform his duties as a Sanitation Supervisor because of the injuries he sustained as a result of the attack, plaintiff put in for retirement from DOS in June of 2013.

53.　　　Plaintiff continues to suffer from the painful and debilitating injuries caused on April 8, 2013.

## FIRST CLAIM FOR RELIEF:
## ASSAULT UNDER STATE LAW

54.　　　Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55.　　　On April 8, 2013, defendant KING acted with the intent to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent by screaming threats, obscenities, and charging toward plaintiff in an aggressive manner.

56.　　　Defendant KING acted with the intent to harass, annoy, and/or alarm the plaintiff.

57.　　　Defendant KING acted voluntarily and with the intent and the desire to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

58.　　　Defendant KING acted voluntarily and with the knowledge—with substantial certainty—that his actions would cause the plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

59.　　　Defendant KING threatened to strike, shove, kick or otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

60.　　　Defendant KING had the real and apparent ability to carry out his implied and explicit threats of violent contact.

6

61.     As a result of defendant KING's actions, plaintiff became apprehensive and feared for his own physical safety and feared that violent contact was imminent.

62.     Defendants CITY OF NEW YORK and DOS are vicariously liable for the actions of defendant KING as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

63.     At all times mentioned herein, the CITY OF NEW YORK and DOS are responsible for the plaintiff's injury and damages as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

## SECOND CLAIM FOR RELIEF: BATTERY UNDER STATE LAW

64.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65.     On April 8, 2013, defendant KING intentionally made physical contact with plaintiff.

66.     This physical contact was violent, offensive, and without plaintiff's consent.

67.     This contact was without provocation.

68.     This violent physical contact caused severe physical and psychological injuries to plaintiff.

69.     Defendant KING acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

70.     Defendant KING struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

71.     Defendant KING acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

72.     Defendants the CITY OF NEW YORK and DOS are vicariously liable for the actions of defendant KING as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

73.     At all times mentioned herein, the CITY OF NEW YORK and DOS are responsible for the plaintiff's injury and damages as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

### THIRD CLAIM FOR RELIEF:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER STATE LAW

74.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75.     Defendant KING's conduct of April 8, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

76.     Defendant KING's conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

77.     Defendant KING acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

78.     Defendant KING's conduct was reckless, and with an utter disregard for the consequences that followed.

79.     Defendant KING struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

80.     Defendant KING acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

81.     Defendant KING's conduct has caused plaintiff severe emotional distress.

82.     Defendants CITY OF NEW YORK and DOS are vicariously liable for the actions of defendant KING as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

83.     At all times mentioned herein, the CITY OF NEW YORK and DOS are responsible for the plaintiff's injury and damages as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

### FOURTH CLAIM FOR RELIEF:
### MISUSE OF LEGAL PROCEDURE
### UNDER STATE LAW

84.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

8

85.     On April 8, 2013, defendant KING made self-serving and false statements to the NYPD in order to avoid being arrested for his attack of plaintiff.

86.     On or about June 24, 2013, defendant KING signed an official court document, a corroborating affidavit criminally charging plaintiff with Assault in the 3rd degree and Harassment under Docket # 2013BX020614.

87.     The facts alleged in the affidavit were patently false, made in bad faith and with malice in order to commence criminal charges against plaintiff.

88.     Defendants CITY OF NEW YORK and DOS are vicariously liable for the actions of defendant KING as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

89.     At all times mentioned herein, the CITY OF NEW YORK and DOS are responsible for the plaintiff's injury and damages as KING was acting in furtherance of the DOS business and within the scope of DOS authority.

## FIFTH CLAIM FOR RELIEF:
## VICARIOUS LIABILITY UNDER STATE LAW

90.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91.     At all times on or about April 8, 2013, defendant KING was acting within furtherance of DOS business, and within the scope of his authority as Sanitation Worker.

92.     Upon information and belief, the incident complained of herein—Garage 9, located at 850 Zerega Avenue, Bronx, NY—was and still is defendant KING's place of employment.

93.     On the date in question—April 8, 2013—defendant KING had been a DOS employee for a minimum of three (3) years.

94.     Defendant KING has had a history of violent and disturbing behavior, which, by their inaction, has been ratified and approved by DOS and the CITY OF NEW YORK.

## SIXTH CLIAM FOR RELIEF:
## NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
## UNDER STATE LAW

95.     Plaintiff repeats, reiterates, and re-alleges each and every allegation
contained in the above paragraphs with the same force and effect as if fully set
forth herein.

96.     THE CITY OF NEW YORK and THE NEW YORK CITY
DEPARTMENT OF SANITATION ("DOS") has a duty to use reasonable care in
the employment, training and supervision of its employees.

97.     This includes a duty to investigate and find out whether employees are
competent to do work without danger of harm to others.

98.     DOS knew or should have known that defendant KING is incompetent,
has a vicious propensity, and/or has a bad disposition.

99.     In particular, DOS knew or should have known that defendant KING had
a history of violent or vicious behavior towards his co-workers and/or supervisors.

100.     Prior to April 8, 2013, DOS knew or should have known that defendant
KING had a history of insubordination.

101.     DOS could have easily anticipated the attack of April 8, 2013.

102.     DOS failed to adequately investigate and correct defendant KING's
disposition and propensity.

103.     Because of this history, the attack of April 8, 2013 was a foreseeable
consequence of DOS' failure to adequately train, reprimand, or re-assign
defendant KING.

104.     Because of DOS' failure to take appropriate action, plaintiff has suffered
the injuries claimed herein.

## SEVENTH CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

105.     Plaintiff repeats, reiterates, and re-alleges each and every
allegation contained in the above paragraphs with the same force and effect as if
fully set forth herein.

106.     The Second Circuit Court of Appeals has consistently held that
officers must take all factors into consideration when determining probable cause,

emphasizing that an officer cannot disregard "plainly exculpatory evidence" Panetta v. Crowley, 460 F. 3rd 388, 390 (2nd Cir. 2006). See also Kerman v. City of New York, 261 F. 3d 229 (2nd Cir. 2001) ("An officer contemplating an arrest is not free to disregard plainly exculpatory evidence....").

107.        At the time of plaintiff's arrest on April 8, 2013, no less than four (4) eye witnesses came forward and informed P.O. FRANCIS that they observed Walter King scream at, threaten, approach, and attack the plaintiff.

108.        Despite this objectively credible evidence that the plaintiff was the victim of the assault, not the assailant, P.O. FRANCIS placed plaintiff under arrest.

109.        At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

110.        All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

111.        All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

112.        The acts complained of were carried out by the aforementioned individual defendants, in particular P.O. FRANCIS, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

113.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

114.        The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

115.        As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## EIGHTH CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983

116.           Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

117.           Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

118.           As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

119.           As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

120.           As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## NINTH CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW

121.           Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

122.           That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior.*

123.           At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

124.           At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their

employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

125.  That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing her in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

126.  That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

127.  That plaintiff was conscious of the confinement.

128.  That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

129.  By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

130.  As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## TENTH CLAIM FOR RELIEF:
### NEGLIGENCE

131.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

13

132.         Defendants negligently caused emotional distress, psychological harm, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

133.         As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## ELEVENTH CLAIM FOR RELIEF:
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

134.         Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

135.         Defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

136.         As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## TWELFTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION and TRAINING of PO FRANCIS

137.         Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

138.         Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

139.         As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

140.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

141.    Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

142.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

143.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

144.    As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

145.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

146.    As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

- a.  Compensatory damages;
- b.  Punitive damages;
- c.  The convening and empaneling of a jury to consider the merits of the claims herein;
- d.  Costs and interest and attorney's fees;

15

e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
July 1, 2014

Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiff*

By: Christopher H. Fitzgerald, Esq.
(CF-1415)
233 Broadway, Suite 2348
New York, NY 10279
(646)580-3489

16